Judge Owsley
delivered the opinion of the court.
, This is an appeal from a judgment rendered in favor of Purket, upon a verdict found for him on the trial of the general issue, in an action of ejectment brought by Shackel-ford.
Shackelford claimed the land under a deed of bargain artd sale executed to him by-Purket, but for the purpose shewing the deed was fraudulently and improperly obtained, Purket, on the trial, introduced one of the subscribing witnesses, and although objected to bv Shackelford, was permitted not only to prove the deed was fraudulently obtained, but also to, state what he had heard an other subscribing witness say in relation to bis attestation of deed.
If the execution of the deed was fraudulently obtained, Shackelford, most clearly, ought not to succeed m recovering the possession of the land. The evidence, therefore, conducing to prove the fraud, was, no doubt, properly permitted to go to the jury; but what the witness bad beard another sav in relation to his attestation of the deed, as it was not the best evidence the nature of the case was susceptible of, it ought not to hhve been admitted. Sue!) evidence might be competent for the purpose of impeac'bing the credit of the person making the confessions, but as he 'was not introduced as a witness, it is plain the evidence could not have been introduced for that purpose, and as # was inadmissible for the purpose of proving the fraudulent execution of the deed, the judgment must be reversed with cost, the cause remanded to the court belpw, and further proceedings had not inconsistent with this opinion.